UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANTZ STERLIN, )<br>　　　　　Petitioner, )<br>　　　　　　　　　　　　　)<br>　　　v. )<br>　　　　　　　　　　　　　)<br>BRUCE CHADBOURNE, ,et al., )<br>　　　　　Respondents. ) | C.A. No.  04-11688-WGY |

YOUNG, C.J.

MEMORANDUM AND ORDER

For the reasons stated below, petitioner shall file a new application to proceed

without prepayment of fees with a certified prison account statement and a petition for a

writ of habeas corpus within forty-two days of the date of this Order.  The motion for

appointment of counsel is denied without prejudice.

BACKGROUND

On July 29, 2004, Frantz Sterlin, an immigration detainee at the Bristol County

House of Correction in North Dartmouth, Massachusetts, filed an application to proceed

without prepayment of fees and a motion for appointment of counsel, as well as affidavits

in support of both requests.  Although Sterlin seeks counsel to represent himself in a

Section 2241 habeas action, Sterlin did not submit a petition for a writ of habeas corpus.

See Docket.

ANALYSIS

I.　　A Habeas Petition Must Specify All Grounds
　　　of Relief, Contain a Summary of Facts Supporting
　　　the Grounds Listed, and State the Relief Requested

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States

District Courts, which may be applied to other habeas petitions at the Court's discretion, a habeas petition must specify all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief.  See Rule 1(b) of the Rules Governing Section 2254 Cases (§ 2254 rules may be applied to other habeas applications at court's discretion); accord Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001); Rule 2(c).  The petition must also state the relief requested and be signed under the penalty of perjury.   Rule 2(c).

Although this Court does not require by local rule that Section 2241 habeas petitioners use any particular form for the petition, a habeas petition still must substantially comply with the requirements for form outlined in Rule 2 so that the Court may determine if there is any basis for habeas relief.  See, e.g., Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (pure issues of law may be raised in habeas) cf. 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order); accord Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals).

Because Sterlin has failed to file a petition, he shall be granted additional time to do so.  However, if he fails to timely file a petition, this action will be dismissed without prejudice without further notice.

II.  Sterlin Must Submit A Certified Prison Account Statement

A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of

fees. <u>See</u> 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. <u>See</u> Rule 3(a) (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver applications.

Although Sterlin submitted a fee waiver application, he has not submitted a certified statement of the amount of funds in his institutional account. Without such a statement, no determination of his financial status may be made. I will deny the application, but grant Sterlin additional time to file a new application with a certified account statement.

III. <u>The Motion For Counsel</u>

Motions for appointment of counsel for habeas proceedings where no evidentiary hearing has taken place may be considered under the Criminal Justice Act ("CJA") and/or Section 1915(e)(1). 18 U.S.C. § 3006A(a)(2)(B); <u>accord</u> Rule 8(c) of the Rules Governing Section 2254 Habeas Proceedings; 28 U.S.C. § 1915(e)(1). Counsel may be appointed under the CJA only where the "interests of justice" so require it; counsel may be appointed under Section 1915(e)(1) only where "exceptional circumstances" exist. <u>Id.</u>.

Because Sterlin has not submitted a habeas petition, the Court cannot determine whether appointment of counsel is warranted, and thus the motion for counsel shall be denied without prejudice. <u>See, e.g.</u>, <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994) (whether "interests of justice" require appointment of counsel depends on the legal and

3

factual complexity of the case, the petitioner's ability to investigate and present his claims, and any factors deemed to be relevant by the Court); <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted) (in order to qualify for appointment of counsel under former § 1915(d), party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights); <u>accord</u> <u>Sires v. Fair</u>, 107 F.3d 1, 1 (1st Cir. 1997) (affirming denial; issues presented were not complex).

<u>CONCLUSION</u>

ACCORDINGLY, the application to proceed without prepayment of fees and the motion for appointment of counsel are denied without prejudice for the reasons stated above.

Petitioner shall file (1) a new application to proceed without prepayment of fees with a certified prison account statement and (2) a habeas petition within forty-two (42) days of the date of this Memorandum and Order or this action shall be dismissed without prejudice without further notice.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>23nd</u> day of <u>September</u>, 2004.


<u>s/ William G. Young</u>
WILLIAM G. YOUNG

4
