UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANTZ STERLIN,                )
          Petitioner,        )
                             )
    v.                     )   C.A. No.  04-11688-WGY
                             )
BRUCE CHADBOURNE, ,et al.,     )
          Respondents.       )

YOUNG, C.J.

## FURTHER MEMORANDUM AND ORDER

For the reasons stated below, Petitioner shall file a new application to proceed without prepayment of fees with a certified prison account statement and a petition for a writ of habeas corpus within forty-two days of the date of this Further Memorandum and Order.  The Petitioner's renewed request for appointment of counsel is denied without prejudice. The Petitioner's motion for production of documents is denied without prejudice pending Petitioner's compliance with this Further Memorandum and Order requiring the Petitioner to file a habeas petition.  The clerk shall correct the docket to reflect the Petitioner's change in mailing address.

## BACKGROUND

On July 29, 2004, Frantz Sterlin, an immigration detainee at the Bristol County House of Correction in North Dartmouth, Massachusetts, filed an application to proceed without prepayment of fees and a motion for appointment of counsel, as well as affidavits in support of both requests. Sterlin also sought counsel to represent himself in a Section 2241 habeas action, however, he did not submit a petition for a writ of habeas corpus.

On September 23, 2004 this Court entered an Order denying the Motion for Leave to Proceed *in forma pauperis*, and denying the Motion for Counsel, and allowed Sterlin forty-two (42) days to file a new application to proceed without prepayment of fees, accompanied by a certified prison account statement and a habeas petition, and he was advised that failure to do so would result in dismissal of the case without further notice.  On October 26, 2004 Sterlin filed a motion for production of documents which he claims to need in order to file his petition.  The docket reflects that on October 18, 2004 the September 23, 2004 Memorandum and Order was returned as undeliverable to Frantz Sterlin, and was re-sent to him.  On November 2, 2004 this Court received a letter from Sterlin (#8) asking about the status of his motions, particularly the Motion for appointment of counsel. The letter indicates that Sterlin's current address is no longer Bristol County House of Correction in North Dartmouth, but at the Suffolk County House of Correction, in Boston, MA.

## ANALYSIS

It is not entirely clear whether Sterlin received actual notice of the September 23, 2004 Memorandum and Order (#6), in light of the facts that the mail was returned undeliverable,  that his address has since changed, and the fact that he appears to have been unaware of this Court's ruling with respect to the Motion for counsel.  Accordingly, Sterlin shall be given an additional forty-two (42) days to comply with the provisions originally contained in the September 23, 2004 Memorandum and Order, which are incorporated into this Order as follows:

    I.    A Habeas Petition Must Specify All Grounds

>of Relief, Contain a Summary of Facts Supporting
>the Grounds Listed, and State the Relief Requested

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to other habeas petitions at the Court's discretion, a habeas petition must specify all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief.  See Rule 1(b) of the Rules Governing Section 2254 Cases (§ 2254 rules may be applied to other habeas applications at court's discretion); accord Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001); Rule 2(c).  The petition must also state the relief requested and be signed under the penalty of perjury.   Rule 2(c).

Although this Court does not require by local rule that Section 2241 habeas petitioners use any particular form for the petition, a habeas petition still must substantially comply with the requirements for form outlined in Rule 2 so that the Court may determine if there is any basis for habeas relief.  See, e.g., Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (pure issues of law may be raised in habeas) cf. 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order); accord Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals).

Because Sterlin has failed to file a petition, he shall be granted additional time to do so.  However, if he fails to timely file a petition, this action will be dismissed without prejudice without further notice.

II.  Sterlin Must Submit A Certified Prison Account Statement

A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees.  See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis).  An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration.  See Rule 3(a) (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).  For the convenience of litigants, this Court provides a standardized form for fee waiver applications.

Although Sterlin submitted a fee waiver application, he has not submitted a certified statement of the amount of funds in his institutional account.  Without such a statement, no determination of his financial status may be made.  I will deny the application, but grant Sterlin additional time to file a new application with a certified account statement.

III.  The Motion For Counsel

Motions for appointment of counsel for habeas proceedings where no evidentiary hearing has taken place may be considered under the Criminal Justice Act ("CJA") and/or Section 1915(e)(1).  18 U.S.C. § 3006A(a)(2)(B); accord Rule 8(c) of the Rules Governing Section 2254 Habeas Proceedings; 28 U.S.C. § 1915(e)(1).  Counsel may be appointed under the CJA only where the "interests of justice" so require it; counsel may be appointed under Section 1915(e)(1) only where "exceptional circumstances" exist.  Id..

Because Sterlin has not submitted a habeas petition, the Court cannot determine

whether appointment of counsel is warranted, and thus the motion for counsel shall be denied without prejudice. See, e.g., Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (whether "interests of justice" require appointment of counsel depends on the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any factors deemed to be relevant by the Court); DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted) (in order to qualify for appointment of counsel under former § 1915(d), party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights); accord Sires v. Fair, 107 F.3d 1, 1 (1st Cir. 1997) (affirming denial; issues presented were not complex).

### IV. Further Orders

In view of the above, it is FURTHER ORDERED that Sterlin's Motion for production of documents is denied without prejudice to renew after compliance with this Order. It is FURTHER ORDERED, the clerk shall correct the docket to reflect Sterlin's change in address.

### CONCLUSION

ACCORDINGLY, Petitioner shall file (1) a new application to proceed without prepayment of fees with a certified prison account statement and (2) a habeas petition within forty-two (42) days of the date of this Memorandum and Order or this action shall be dismissed without prejudice without further notice.

SO ORDERED.

Dated at Boston, Massachusetts, this  9th   day of November, 2004.

5

<u>/s/ William G. Young</u>  
WILLIAM G. YOUNG